IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAQUANDA TURNER, | : |
| | : |
| Plaintiff, | : Case No. _____ |
| | : |
| v. | : |
| | : |
| GENERAL MILLS OPERATIONS, LLC, | : |
| | : |
| Defendant. | : |

## COMPLAINT

Plaintiff is seeking leave to amend the complaint to add a Title VII claim in separate class action litigation in which she is a named plaintiff and which is pending in this Court, Case No. 1:24-cv-02409-MLB-JKK. (*See* Docs. 20 & 20-1.) Plaintiff files this complaint to preserve her Title VII race discrimination claims and to asserts sex discrimination claims herein.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(4), which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protections of civil rights, and pursuant to 28 U.S.C. § 1331, which confers original

jurisdiction upon this Court in a civil action arising under the Constitution or laws of the United States.

2.

Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII").

3.

Pursuant to 28 U.S.C. § 1391(b), § 1391(c), and N.D. Ga. L.R. 3.1, the Atlanta Division of this Court is the proper venue for Plaintiff's claims because Defendant is subject to this Court's personal jurisdiction, 28 U.S.C. § 1391(c)(2), and a substantial part of the events or omissions giving rise to the claim occurred within the Atlanta Division of this Court. *See also* N.D. Ga. L.R. 3.1(B)(1)(a) and 3.1(B)(3).

## PARTIES

4.

Plaintiff is a Black female and current employee of Defendant who works at General Mills' manufacturing facility in Covington, Georgia.

5.

Plaintiff is a citizen of the United States and resident of the State of Georgia; she submits herself to the jurisdiction of this Court.

6.

General Mills Operations, LLC ("Defendant" or "General Mills"), is a Delaware limited liability company with its principal place of business in Minneapolis, Minnesota, and was properly served by personal service of process upon its registered agent, National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Georgia 30046.

## ADMINISTRATIVE PROCEEDINGS

7.

Defendant is a covered employer under Title VII.

8.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

9.

The EEOC issued Plaintiff a Notice of the Right to Sue against Defendant, and this lawsuit was timely filed thereafter.

10.

Plaintiff made a good faith effort to comply with EEOC regulations and applicable law and to provide all relevant, specific information available.

11.

All conditions precedent to jurisdiction under Title VII have been satisfied.

12.

All administrative prerequisites for filing suit on Plaintiff's claims have been satisfied.

13.

This suit is timely, appropriate, and valid in all respects.

## STATEMENT OF FACTS

14.

Beginning in late 2020 through 2021, Laquanda Turner, a Black manufacturing technician, was supervised by Shane Cox, a white member of the Good Ole Boys.

15.

Due to Cox's behavior in calling her out for doing things that he said were improper, but that other white male technicians were not called out for, she complained to Cox's white supervisor, Steve Jarva. Jarva, a white male, was also her supervisor. She told Jarva that she thought that Cox was discriminating against her due to her race.

16.

Apparently, Jarva told Cox about the complaint because Cox mocked her within a very short period of time while on the line and repeated what she told Jarva. From that time and through today's date, Shane Cox, even after he was promoted to a Process Lead, has made Turner's work life a living hell by consistently badgering her about nearly everything she does and does not do while not calling out white employees for the same or similar things.

17.

Plaintiff also complained about Cox being discriminatory on the basis of race and sex to Platform Lead Jacob Hayslip. After Hayslip was unable to resolve the problem with Shane, Turner complained to HR. HR handpicked employees to give favorable statements about Cox, then told Turner that HR could not verify that Cox was nitpicking or harassing her.

18.

Turner has used vacation time to get reprieve from Cox. She travels over an hour each way to work and, while there, is consistently badgered by Cox as a result of her race and sex.

19.

There are numerous examples of the disparate treatment suffered by Turner. Another example is when Stan Holloway, Turner's white trainer, trained her on how to change out the ink on an Aagard machine incorrectly. Turner was given an entry in the Coaching & Counseling Database for it, but Holloway was not. This is another example of discriminatory behavior allowed or perpetrated by Steve Jarva.

20.

Turner was recently informed of an additional coaching database entry she received for not completing changeover sheets. She was told that everyone on her team received a coaching entry for that even though she did not actually fail to complete a changeover sheet. Upon information and belief, not all of her team members were given a coaching for that.

21.

The Covington Plant is still infested with other types of racist behavior that Turner has had to suffer. For example, in August 2024, someone played the theme song from Dukes of Hazard one day and the very next day someone got on the radio at the West Plant Sheeted Department for all to hear and said "come in [N-

word]". That hateful word was actually said out loud over the radio for numerous Black employees to hear.

22.

Shane Cox continues to make Turner's life a living hell at work in an effort to make her quit due to her complaining to Jarva about Cox's racist behavior towards her. It is well known that Cox brags to just about anyone who will listen that he should not be crossed as he can get anyone at the Covington Plant fired. Indeed, after Conrad James, a Black fellow TTL complained about Cox's behavior to Jarva, Cox, in cahoots with Phil Thompson and Jarva, constantly accused Conrad's team of infractions that were set up by Cox and/or were otherwise lies. Every time James complained, Cox would deny the allegations and white management would consistently take Cox's side over James so much so that ultimately James became so stressed that he developed a heart condition for which he was forced to take time off from work. Nevertheless, Turner is steadfast that Cox will not get away with what he is doing to her and refuses his continuous racist and harassing machinations to force her to quit.

## COUNT ONE

Title VII:  Disparate Treatment/Discrimination (Race)

23.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

24.

Plaintiff is a member of a class protected by Title VII.

25.

Defendant is a covered employer under Title VII.

26.

Plaintiff suffered an adverse employment action despite being qualified for her position.

27.

Plaintiff was treated less favorably than similarly situated employees outside of her protected class.

28.

Plaintiff's race was a motivating factor for the adverse employment actions taken against her.

29.

Plaintiff asserts a disparate treatment claim pursuant to Title VII.

30.

Plaintiff is entitled to Title VII damages pursuant to, among other statutes, 42 U.S.C. § 2000e-5.

## COUNT TWO

Title VII:  Retaliation (Race)

31.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

32.

Plaintiff is a member of a class protected by Title VII.

33.

Defendant is a covered employer under Title VII.

34.

Plaintiff engaged in a protected activity when she complained about Shane Cox to Platform Leads Steve Jarva and Jacob Hayslip.

35.

In retaliation for Plaintiff's protected activity, Defendant took materially adverse actions against her, including nitpicking or disciplining her, creating a hostile work environment that would have dissuaded a reasonable worker from making complaints of discrimination and harassment, and taking disparate adverse actions against her.

36.

Plaintiff's protected activity under Title VII was a motivating factor for the adverse employment action taken against her.

37.

Plaintiff asserts a retaliation claim pursuant to Title VII.

38.

Plaintiff is entitled to Title VII damages pursuant to, among other statutes, 42 U.S.C. § 2000e-5.

**COUNT THREE**

Title VII:  Hostile Work Environment (Race)

39.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

40.

Plaintiff was discriminated against and harassed as a result of her race by General Mills' supervisors and subordinates, including Shane Cox.

41.

The discriminatory statements, threats, and conduct were unwelcome, sufficiently severe or pervasive, detrimentally affected Plaintiff, were viewed as subjectively hostile and abusive by Plaintiff, and would be viewed as objectively hostile and abusive to a reasonable person.

42.

General Mills had actual or constructive knowledge of the ongoing discrimination and/or the harassing conduct was undertaken by and/or condoned by General Mills employees in management roles.

43.

Defendant failed to take prompt and appropriate remedial action to prevent or correct further discrimination and harassment of Plaintiff.

44.

Plaintiff asserts a hostile work environment claim pursuant to Title VII.

## COUNT FOUR

<u>Title VII:  Disparate Treatment/Discrimination (Sex)</u>

45.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

46.

Plaintiff is a member of a class protected by Title VII.

47.

Defendant is a covered employer under Title VII.

48.

Plaintiff suffered an adverse employment action despite being qualified for her position.

49.

Plaintiff was treated less favorably than similarly situated employees outside of her protected class.

50.

Plaintiff's sex was a motivating factor for the adverse employment actions taken against her.

51.

Plaintiff asserts a disparate treatment claim pursuant to Title VII.

52.

Plaintiff is entitled to Title VII damages pursuant to, among other statutes, 42 U.S.C. § 2000e-5.

## COUNT FIVE

Title VII:  Retaliation (Sex)

53.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

54.

Plaintiff is a member of a class protected by Title VII.

55.

Defendant is a covered employer under Title VII.

56.

Plaintiff engaged in a protected activity when she complained about Shane Cox to Platform Lead Jacob Hayslip.

57.

In retaliation for Plaintiff's protected activity, Defendant took materially adverse actions against her, including nitpicking or disciplining her, creating a hostile work environment that would have dissuaded a reasonable worker from making complaints of discrimination and harassment, and taking disparate adverse actions against her.

58.

Plaintiff's protected activity under Title VII was a motivating factor for the adverse employment action taken against her.

59.

Plaintiff asserts a retaliation claim pursuant to Title VII.

60.

Plaintiff is entitled to Title VII damages pursuant to, among other statutes, 42 U.S.C. § 2000e-5.

## COUNT SIX

Title VII:  Hostile Work Environment (Sex)

61.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

62.

Plaintiff was discriminated against and harassed as a result of her sex by General Mills' supervisors and co-workers, including Shane Cox.

63.

The discriminatory statements, threats, and conduct were unwelcome, sufficiently severe or pervasive, detrimentally affected Plaintiff, were viewed as subjectively hostile and abusive by Plaintiff, and would be viewed as objectively hostile and abusive to a reasonable person.

64.

General Mills had actual or constructive knowledge of the ongoing discrimination and/or the harassing conduct was undertaken by and/or condoned by General Mills employees in management roles.

65.

Defendant failed to take prompt and appropriate remedial action to prevent or correct further discrimination and harassment of Plaintiff.

66.

Plaintiff asserts a hostile work environment claim pursuant to Title VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

(a) Declaratory judgment that the systemic pattern and practice of racially and sexually hostile and discriminatory employment practices that, over 30 years, made advancement at the Covington facility futile and caused catastrophic harm to Plaintiff's career in violation of her Title VII rights;

(b) Temporary and permanent injunctive relief, along with this Court's oversight for a reasonable duration, disbanding the Good Ole Boys, holding racist decisionmakers accountable, and implementing lawful employment practices that give Black employees the full benefit of employment at General Mills;

(c) Full amount of financial losses caused to Plaintiff as a result of the racist employment practices at the Covington facility;

(d) Compensatory damages in an amount to be determined by the enlightened conscience of the jury for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

(e)  Award of costs and expenses of this action, together with reasonable attorney and expert fees;

(f)  Punitive damages in an amount to be determined by the enlightened conscience of the jury sufficient to punish Defendant for its conduct toward Plaintiff and deter Defendant from similar conduct in the future;

(g)  Judgment against Defendant for damages incurred by Plaintiff;

(h)  Judgment against Defendant in an amount to fully and adequately compensate Plaintiff;

(i)  An award of pre-judgment and post-judgment interest;

(j)  A trial by jury on all issues triable to a jury; and

(k)  Other and further relief as the Court deems just and proper.

Respectfully submitted this 29th day of December 2024.

                By:    /s/ Douglas H. Dean
                        Georgia Bar No. 130988
                        Attorney for Plaintiff
                        Dean Thaxton, LLC
                        601 E. 14th Avenue (31015)
                        Post Office Box 5005
                        Cordele, Georgia 31010
                        T: (229) 271-9323
                        F: (229) 271-9324
                        E: *doug@deanthaxton.law*

                By:    /s/ Linda G. Carpenter
                        Georgia Bar No. 111285
                        Attorney for Plaintiff
                        The Brosnahan Law Firm
                        31 Lenox Pointe, NE
                        Atlanta, GA 30324
                        T: (404) 853-8964
                        F: (678) 904-6391
                        E: *lgc@brosnahan-law.com*